# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60241
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

Henry Pablo Ramos Marquez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 288 680

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges.*

Per Curiam:*

Henry Pablo Ramos Marquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT).

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60241

In considering the BIA's decision (and the IJ's, to the extent, as in this instance, it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To qualify for withholding of removal, "applicant must demonstrate a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion". *Id.* at 1138 (citation omitted). Because Marquez does not challenge the BIA's ruling that he failed to make this showing, he abandons this claim. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (noting issues not briefed are abandoned). And, because Marquez fails to show error in the BIA's ruling that he had not made the persecution showing, we need not consider his nexus assertion. *E.g.*, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, he fails to show evidence compels a ruling contrary to that of the BIA on whether he showed he more likely than not would be tortured with governmental acquiescence if repatriated; therefore, he shows no error in the denial of his CAT claim. *E.g.*, *Tabora Gutierrez v. Garland*, 12 F.4th 496, 502 (5th Cir. 2021) (explaining applicant must show "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal" (citation omitted)).

DENIED.